IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **QUINTILIA CHANEL PARRAN,** | \* |
| Plaintiff, | \* |
| v. | \*  Civil Case No. SAG-24-0308 |
| **CAPITAL ONE AUTO FINANCE,** *et al.*, | \* |
| Defendants. | \* |

## MEMORANDUM OPINION

Quintilia Chanel Parran ("Plaintiff"), who is self-represented, filed a Complaint against Defendants Capital One Auto Finance ("Capital One") and Koons Chevrolet ("Koons") (collectively, "Defendants"), asserting violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* and state law. ECF 1. Both Defendants have filed motions to dismiss the Complaint for failure to state a claim, ECF 10 (Koons), ECF 14 (Capital One). Plaintiff has opposed both motions, ECF 13, 17, and Capital One filed a reply, ECF 18.[1] This Court has reviewed all of the filings, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, Defendants' motions must be granted as to Plaintiff's TILA claim and this Court declines to exercise jurisdiction over the pendent state law claims, which Plaintiff is free to refile in the appropriate state court.

---

[1] A few days before the date of this Opinion, Plaintiff filed a "Notice to Strike Down Defendant's Reply." ECF 19. The Federal Rules of Civil Procedure provide no mechanism for parties to strike briefing. In any event, the issues raised by Plaintiff in her Notice did not bear on the disposition of this Opinion.

I.  **FACTUAL BACKGROUND**

The facts described herein are taken from Plaintiff's Complaint, ECF 1, and are taken as true for purposes of these motions. Plaintiff entered a "retail installment contract" with Koons to purchase a vehicle. ECF 1-5 at 1. Koons then sold the loan note to Capital One, which "effectively converted the Complainant's loan into an asset-backed security." *Id.* at 2. Plaintiff alleges that Defendants violated TILA through the "non-disclosure of the securitization process" and that Defendants have forfeited their right to enforce the note or that Koons "voluntarily discharged the Complainant's debt." *Id.*[2]

II. **LEGAL STANDARDS**

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

---

[2] Plaintiff's Complaint is unclear in the sense that she repeatedly makes reference to "the Respondent" although she sued two different entities, Koons and Capital One. *See, e.g*, ECF 1-5 at 1–2. It would appear, for example, that Plaintiff could only assert a TILA claim against Koons, because she did not enter into a loan agreement directly with Capital One. Since her TILA claim is time-barred, though, this Court need not reach that issue.

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id*.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal

conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Both Defendants attached the Retail Installment Sales Contract ("Contract") to their briefing of these motions. *See, e.g.*, ECF 10-3; ECF 14-2. As another judge of this Court cogently explained:

> As a general rule, the court does not consider extrinsic evidence at the motion to dismiss stage; however, it is a well-recognized exception to this rule that the court may consider, without converting the motion to dismiss into one for summary judgment, documents attached to the complaint as exhibits, and documents attached to a motion to dismiss if the document is "integral to the complaint and there is no dispute about the document's authenticity." *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). A document is "integral" to the complaint if its "very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (internal quotation marks omitted) (emphasis removed). Where the complaint shows that the plaintiff has adopted the contents of the documents attached to the complaint, "crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167.

*Reamer v. State Auto. Mut. Ins. Co.*, 556 F. Supp. 3d 544, 549 (D. Md. 2021). Applying those standards, the Contract is clearly integral to the Complaint because it gives rise to the basis for Plaintiff's claims. Plaintiff has not challenged the authenticity of the Contract, which was expressly referenced in her Complaint. ECF 1-5 at 1 ("The Complainant and the Respondent entered into a retail installment contract, which constituted an auto loan for the Complainant to purchase a vehicle."). Accordingly, this Court deems it appropriate to consider the Contract in adjudicating the motions to dismiss, without converting them into motions for summary judgment.

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

4

(citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III. ANALYSIS

#### A. TILA

Plaintiff's TILA claim suffers from two deficiencies. First, and most importantly, it is time-barred, because TILA requires that an action be brought within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e). Plaintiff and Koons executed the Contract on February 10, 2017, and the Contract reflected Koons's simultaneous sale of its interest in the Contract to Capital One. ECF 14-2 at 3. Plaintiff did not file the instant action until 2024, and the statute of limitations expired in 2018. Accordingly, her TILA claim is time-barred.

Additionally, however, Plaintiff's "securitization" theory of harm is not cognizable as she has not pleaded any facts to plausibly state a violation of TILA. TILA requires accurate material

disclosures of information such as annual percentage rates, the method of calculating finance charges, and the amount of payments and due dates for those payments. *See* 15 U.S.C. § 1602(v). As another judge of this Court reasoned in connection with a similar securitization argument relating to a mortgage loan:

> Plaintiffs allege, for example, that the securitization of their mortgage loan amounts to fraud because Defendants somehow hid the securitization from Plaintiffs and that securitization itself effectively "[c]hang[ed] the character" of Plaintiffs' loan. ECF No. 1 ¶¶ 63–64. Plaintiffs further allege, without elaboration, that securitization had "a materially negative effect" on them. *Id.* ¶ 64. But the theory that securitization alone renders a note and Deed of Trust unenforceable has been "entirely discredited" and uniformly rejected. *See Gale v. Select Portfolio Servicing, Inc.*, No. DKC 20-1289, 2021 WL 165132, at *3 (D. Md. Jan. 19, 2021); *Mancho v. Select Portfolio Servicing, Inc.*, No. 22-02025-JRR, 2023 WL 2035928, at *3 (D. Md. Feb. 16, 2023) ("[T]o the extent Plaintiff seeks to be released from her obligations under the Promissory Note based on the securitization of the mortgage, her claim fails as a matter of law."). "Securitization creates a separate contract distinct from a borrower's debt obligations under a promissory note and does not alter the rights or obligations of the parties[ ] vis-à-vis the underlying debt." *Mancho*, 2023 WL 2035928, at *3. Securitization, in short, is "not some sort of illicit scheme that taints the underlying debt," *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 749 (6th Cir. 2014). Therefore, as a matter of law, the securitization process cannot have harmed Plaintiffs or give rise to a cause of action.

*McKinney v. Towd Point Mortg. Tr. Asset-Backed Secs., Series 2016-1*, Civ. No. 8:22-02878-PX, 2023 WL 8545224, at *3 (D. Md. Dec. 11, 2023) (alterations in original). Plaintiff's argument is on all fours. She has not alleged that the securitization of her auto loan after its issuance changed her rights and obligations with respect to the loan. None of the material disclosures required by TILA would be affected by securitization. Thus, Plaintiff would not have adequately stated a TILA claim even had the claim been timely filed. Her TILA claim must be dismissed.

### B. State Law Claims

This case lacks any basis for the exercise of this Court's diversity jurisdiction, because both Plaintiff and Koons are citizens of Maryland. With the dismissal of the sole claim over which this Court would have federal question jurisdiction, this Court must decide whether to exercise

supplemental or pendent jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."). This case presents a quintessential contract dispute, which will require assessment of typical state law-based issues, including Maryland's statute of limitations. This case is at the very earliest stages of adjudication, making it appropriate for this Court to decline the exercise of pendent or supplemental jurisdiction over Plaintiff's state law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . .") (footnote omitted). Plaintiff is free to refile her state law claims in an appropriate state court.

## IV.   CONCLUSION

For the reasons set forth above, Koons's Motion to Dismiss, ECF 10 and Capital One's Motion to Dismiss, ECF 14, must be GRANTED as to Plaintiff's TILA claim, which is dismissed with prejudice because it is time-barred. *See Foy v. Giant Food Inc.*, 298 F.3d 284, 291 (4th Cir. 2002) (affirming dismissal with prejudice where plaintiff's claims were time-barred). This Court declines to exercise pendent jurisdiction over Plaintiff's remaining state law claims, leaving Plaintiff free to refile those claims in state court. A separate Order follows, which will close this case.

Dated:  June 14, 2024                             /s/
                                        Stephanie A. Gallagher
                                        United States District Judge